# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| 1. David Baust )<br>   )<br>2. Elizabeth Beatty )<br>   )<br>3. Michael Brown )<br>   )<br>4. Nicholas DiCaprio )<br>   )<br>5. William Padgett )<br>   )<br>6. Erik Svejda )<br>   )<br>7. Christopher West )<br>   )<br>8. Kaleigh Zehr )<br>   )<br>    Plaintiffs, )<br>   )<br>v. )<br>   )<br>   )<br>CITY OF VIRGINIA BEACH, VIRGINIA, )<br>   )<br>    Defendant. ) | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit their Complaint against the City of Virginia Beach, Virginia and state as follows:

### PARTIES

1. The Plaintiffs are current and former employees of the Defendant, City of Virginia Beach, Virginia ("Defendant" or "City"), who bring this action under the Fair Labor Standards Act ("FLSA") and the Virginia Gap Pay Act ("VGPA") against Defendant, on behalf of themselves

and other similarly situated employees, because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation.

2. Defendant operates the City of Virginia Beach Department of Emergency Medical Services, which is the department responsible for emergency medical responses and other emergency services to the citizens and visitors of the City of Virginia Beach.

3. At all times material herein, Defendant has employed the Plaintiffs in the position of EMS Captain in the Department of Emergency Medical Services. The exact dates of the Plaintiffs' employment are in the custody and control of the Defendant, and the Defendant knows specifically what dates each of the Plaintiffs has been an EMS Captain during the recovery period.

4. The Plaintiffs bring this action for a declaratory judgment under 28 U.S.C. § 2201 for backpay compensation, liquidated damages, attorneys' fees and costs, and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*, and the VGPA, Va. Code § 9.1-700 *et. seq.*

5. The Plaintiffs who are identified in the caption of the Complaint have given their written consent to be party Plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A.

6. At all times material herein, all Plaintiffs have been "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and have been "fire protection employees" within the meaning of the VGPA, Va. Code § 9.1–700.

7. Defendant is a municipal corporation under the laws of the Commonwealth of Virginia, with the power to sue and be sued in its own name, and, at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x), 203(d). Defendant is, and was at all times material hereto, an employer within the meaning of Virginia Code Section 9.1-700 *et seq.* Defendant has a principal office and place of

business located within the United States District Court for the Eastern District of Virginia, at the Virginia Beach City Hall, 2401 Courthouse Drive, Virginia Beach, VA 23456.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiffs' FLSA action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiffs' Virginia state law claim pursuant to 28 U.S.C. § 1367(a).

9. A substantial part of the events giving rise to Plaintiffs' claims occurred in this District, as the unpaid wages sought in this action were earned in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

10. In the time period of November 25, 2017, through the present, as well as before, the Plaintiffs have worked for the Defendant in the position of EMS Captain at the City of Virginia Beach Department of Emergency Medical Services.

11. Within the last three years, while assigned to the position of EMS Captain, Plaintiffs' primary job duty has been, and remains, to provide emergency medical and trauma-related care to the sick and injured. To that end, Plaintiffs have diligently executed their job duties on behalf of their employer and the citizens of Virginia Beach by mandatorily responding to emergency calls and directly treating critical and traumatic injuries, among other duties critical to public health and safety. Plaintiffs are not required to be cross-trained as fire fighters, and they do not perform any job duties as fire fighters.

12. During the relevant time period, while working as EMS Captains on behalf of the Defendant, Plaintiffs have been assigned to work and did in fact work a regular, repeating schedule

of 12 hour shifts—either from 6 am to 6 pm (Day Shift), or 6 pm to 6 am (Night Shift)—for three days on, followed by three days off.

13. As a result of the schedule described in Paragraph 12, when Plaintiffs are assigned to a Day Shift schedule, Plaintiffs are scheduled to work either 36 or 48 hours per week, exclusive of additional shifts, unscheduled hours and mandatory in-service trainings. When Plaintiffs are assigned to a Night Shift schedule, Plaintiffs are scheduled to work 36, 42, or 48 hours per week, exclusive of additional shifts, unscheduled hours and mandatory in-service trainings. As such, Plaintiffs regularly work over 40 hours in a workweek.

14. During the weeks in which Plaintiffs are scheduled to work three shifts, totaling 36 hours, the Plaintiffs routinely work additional shifts and unscheduled hours or attend mandatory in-service trainings. As such, even in these weeks, Plaintiffs routinely work in excess of 40 hours in a workweek.

15. The exact hours worked by Plaintiffs and the exact workweeks in which Plaintiffs worked over 40 hours can easily be determined by looking at the Plaintiffs' timekeeping and payroll records, which are in the possession, custody, and control of Defendant.

16. Defendant misclassifies Plaintiffs as "exempt" employees and unlawfully fails to pay any overtime compensation at one and one-half times their regular rate of pay for any overtime worked in excess of 40 hours in a workweek. Instead, Defendant compensates Plaintiffs for only 40 hours of work in a workweek, regardless of whether Plaintiffs work in excess of 40 hours.

17. Plaintiffs are paid on a salaried basis. As such, they are paid the same amount during each biweekly pay period regardless of whether they work over 40 hours in either workweek of the pay period, although the Plaintiffs receive additional straight time pay for any hours worked on a holiday.

4

18. Because Defendant treats Plaintiffs as "exempt" employees, Defendant has not counted the hours in which Plaintiffs were in a paid leave status as hours of work. For example, in workweeks where Plaintiffs are scheduled for 48 hours and use paid leave for one 12-hour shift, Plaintiffs are only required to use 4 hours of paid leave.

19. In addition, when Plaintiffs work an additional shift on a holiday, they are paid at their straight time rate for the additional 12-hours, regardless of whether those hours were regularly scheduled or were in excess of 40 in a workweek.

20. In weeks in which Plaintiffs are scheduled to work less than 40 hours but the Plaintiffs also work additional unscheduled hours, Defendant does not compensate Plaintiffs at a rate of one and one-half times the employee's regular rate of pay for all hours of work between the employee's regularly scheduled hours of work and the 40-hour maximum.

21. At all times material herein, Defendant has known and should have known that uncompensated overtime work was being performed by Plaintiffs. For example, not only does Defendant observe Plaintiffs performing uncompensated overtime work, but Defendant's established policies, procedures, and work schedules automatically result in Plaintiffs performing uncompensated overtime work.

22. Defendant's actions in refusing to provide Plaintiffs the rights and protections provided under the FLSA and VGPA are willful in that Defendant knew its pay practices with respect to its EMS Captains were prohibited by the FLSA and VGPA or, at the very least, showed a reckless disregard for the FLSA and VGPA. For example, Defendant knowingly accepted the benefit of Plaintiffs' regularly scheduled and unscheduled overtime work from at least November 25, 2017, without compensating Plaintiffs at the lawful overtime rate.

## COUNT I

### Violation of Section 7(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)

23. Plaintiffs re-allege, and incorporate by reference herein, Paragraphs 1 through 22 of this Complaint.

24. Plaintiffs and other similarly situated employees have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a). However, during the times that Plaintiffs have worked in excess of 40 hours in a workweek, Defendant has failed to provide Plaintiffs with overtime pay at the rate of one and one-half times their regular rates of pay for all overtime hours.

25. Specifically, Defendant improperly classifies Plaintiffs as "exempt" from the overtime requirements of the FLSA. As such, Defendant only compensates Plaintiffs for 40 hours in a workweek, regardless of whether the Plaintiffs work in excess of 40 hours. In addition, when Plaintiffs work additional hours on a holiday, Defendant compensates Plaintiffs for these hours only at the straight time rate regardless of whether those hours worked are in excess of 40 hours in a workweek. Defendant does not does not provide Plaintiffs with overtime compensation at one and one-half times their regular rate of pay for any hours worked in excess of 40 in a workweek.

26. By failing to pay the Plaintiffs and other employees similarly situated the overtime pay required under the law, the Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, the Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

27. As a result of the Defendant's willful and bad faith violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs (including time and attendance records) are

in the exclusive possession, custody, and control of the Defendant, and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay for Defendant's failure to pay overtime compensation.

29. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### Violation of the Virginia Gap Pay Act, Va. Code § 9.1-700, *et seq.*

30. Plaintiffs re-allege, and incorporate by reference herein, Paragraphs 1 through 29 of this Complaint.

31. During the times that Plaintiffs have worked in excess of 40 hours in a workweek, Defendant has failed to provide the Plaintiffs with the rights and protections provided under the Virginia Gap Pay Act, Virginia Code Section 9.1-700, *et seq*.

32. A "fire protection employee" is defined as "a paid firefighter, emergency medical services provider, or hazardous materials worker who is (i) trained in fire suppression and has the legal authority and responsibility to engage in fire suppression and is employed by a fire department of an employer *or* (ii) engaged in the prevention, control, or extinguishment of fires *or* response to emergency situations where life, property, or the environment is at risk." Va. Code § 9.1–700 (emphasis supplied).

33. Plaintiffs and other similarly situated employees in the position of EMS Captain are employed by Defendant as emergency medical services providers and respond to emergency

situations where life, property, or the environment is at risk. Thus, Plaintiffs are fire protection employees under Va. Code § 9.1–700, *et. seq.*

34. Va. Code Section 9.1-703 requires that "For purposes of computing fire protection or law-enforcement employees' entitlement to overtime compensation, all hours that an employee works or is in a paid status during his regularly scheduled work hours shall be counted as hours of work." Defendant has failed to treat all paid leave hours as hours of work and does not compensate Plaintiffs with time and one-half overtime pay for any regularly scheduled work hours in excess of 40 in a workweek.

35. In addition, Section 9.1-701 requires, *inter alia*, that Defendant pay time and one-half for all hours of work between a Plaintiff's regularly scheduled hours (*e.g.,* 36 hours in a workweek), and the hourly maximum set forth in the FLSA (*e.g.,* 40 hours in a workweek). In weeks in which Plaintiffs are scheduled to work less than 40 hours but the Plaintiffs also work additional unscheduled hours, Defendant has failed to pay Plaintiffs at a rate of one and one-half times the employee's regular rate of pay for all hours of work between the employee's regularly scheduled hours of work and the 40-hour maximum.

36. By failing to pay the Plaintiffs and other employees similarly situated the overtime pay required under state law, the Defendant has violated and is continuing to violate, in a willful and bad faith manner, the provisions of the VGPA. As a result, at all times material herein, the Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

37. As a result of the Defendant's willful and bad faith violations of state law, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs (including time and attendance records) are

in the exclusive possession, custody, and control of the Defendant and the Plaintiffs are unable to state at this time the exact amount owing to them.

38. Pursuant to Va. Code Ann. § 9.1-704(A), the Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay for the Defendant's failure to pay overtime compensation.

39. Pursuant to Va. Code Ann. § 9.1-704(B), the Plaintiffs are entitled to recover attorneys' fees and costs.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations under federal and state law and deprived each of the Plaintiffs of his/her rights;

(b) Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(c) Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

(d) Award Plaintiffs interest on their unpaid compensation;

(e) Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs associated with bringing this action; and

(f) Grant such other relief as may be just and proper.

DATE: November 25, 2020							Respectfully submitted,

*/s/ T. Reid Coploff*
T. Reid Coploff (VA Bar No. 78388)
Sara L. Faulman *(pro hac vice to be submitted)*
Sarah M. Block *(pro hac vice to be submitted)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Email: trc@mselaborlaw.com
Email: slf@mselaborlaw.com
Email: smb@mselaborlaw.com

*Counsel for Plaintiffs*